## CIRCUIT COURT OF WARREN COUNTY

Berg

v.

Property Owners Association

June 24, 1983

By JUDGE HENRY H. WHITING

This is a motion at common law for declaratory judgment and incidental relief brought by two of the property owners in a subdivision attacking the validity of an annual assessment levied by the Property Owners Association in that subdivision. The plaintiffs are not members of the Association and acquired their properties by deed from the developer by which the annual assessment to be levied against them for the common facilities are limited to fixed sums each year. The property owners association has increased the assessment beyond those figures, relying upon a common law right to do so and the provisions of the Virginia Subdivided Land Sales Act.

The assessments appear to be invalid as applied to these property owners for the following reasons.

(1) These property owners have secured a contractual limitation on their annual assessments entitled to the protection of both the Federal and Virginia Constitution and no legislation may constitutionally destroy that right. While both parties argue that the assessment was *ultra vires*, this seems to be beside the point. That is not the issue; the issue turns on the right of a voluntary association to levy an assessment against a property owner. A voluntary association is not a governmental body and has no taxing powers. It is an association of property owners authorized to levy assessments to provide for the common amenities. It cannot escalate its right to levy

those assessments into an unconstitutional attempt at taxation. All subsequent property owners purchased the land with notice that the earlier property owners had limitations on their liabilities and those limitations are entitled to constitutional protection.

The defendants have cited a number of cases, none of which seem applicable. As a matter of fact, the condominium case cited, *Unit Owners Association v. Gilpin*, 223 Va. 752 (1982), only reinforces the Court's opinion in this case. In that case all the owners of the condominium were subject to the regulations *before* they purchased and each of them took subject to the right of the association to amend its rules and if the rules are amended in a reasonable manner the Court held in the declaratory judgment action that every owner would be bound thereby. However, the Court was careful to point out that the association was not a governmental body and sustained the trial court in holding the levy of a fine unlawful, unconstitutional and therefore unenforceable. The levy of this "tax" is equally unlawful, unenforceable and unconstitutional because this voluntary association has no power to so affect the already existing contract. The Supreme Court pointed out that, "the power exercised by the association is contractual in nature and is the creature of the condominium documents to which all owners subjected themselves in purchasing their units." *Id.* at 766.

(2) The Virginia Subdivided Land Sales Act by its very terms excludes application to this subdivision. Under the express provisions of § 55-3375(b) defining subdivisions as existing subdivisions of land where sales efforts have been concluded for more than six months *and* the common facilities have been transferred "to the association described in § 55-344A.1. That section describes that association as one "to be composed of lot owners within the subdivision, such formation occurring prior to sale of the first lot in the subdivision by the developer." By stipulation this developer did not form the association prior to the sale of the first lot and, therefore, is excluded by its very terms. The legislature clearly and unequivocally excluded those subdivisions already organized, making no provisions for increasing assessments. The legislature obviously did not intend to include them

and it may well have been because of the constitutional prohibition.

The Court is cited to no authority providing for an award of attorney's fees and declines to award any such fees in the absence of authority.

The Court notes a second prayer for incidental relief in the refund of such assessments as have been paid. The Court will require the plaintiffs to submit authority indicating: (1) that the Court may make order a refund in a case of this type; (2) that a refund should be required where amounts were paid under an assessment which is void and could not have been required. It is the Court's initial impression that the amounts paid, unless paid under protest and with a threat of a subsequent suit for refund, cannot later be recovered.

Confirming the Court's statement today the defendant will have thirty days to file additional authorities on issue number one and the plaintiffs fifteen days to reply.