## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Kenneth G. Skeen

v.

Indian Acres Club
of Thornburg, Inc., et al.

Case No. C-90–426

BY JUDGE WILLIAM H. LEDBETTER, JR.

March 4, 1992

Mr. Skeen filed a three-count motion for declaratory judgment on June 21, 1990. The defendants (referred to collectively as "Indian Acres Club") demurred. The court heard arguments on the demurrer and entered an order dated October 26, 1990, sustaining the demurrer as to Counts II and III and overruling the demurrer as to Count I. Indian Acres Club then filed an answer to Count I.

After a lengthy period of discovery, Mr. Skeen filed a motion for summary judgment. Indian Acres Club filed a "cross-motion" for summary judgment. Arguments were heard on October 21, 1991. The court took the matter under advisement so that counsel could submit memoranda. Since then, counsel have filed numerous papers up to and including "objection" letters received on February 28 and March 3, 1992.

The primary issue is whether Indian Acres Club has the authority to adopt and enforce a system of fines ("monetary penalties") against lot owners for infractions of the rules and regulations of the subdivision. The infractions include such things as speeding, trash burning, littering, trespass and disorderly conduct, all of which are listed in an appendix to the written rules and regulations.

In arguing the validity of these monetary penalties, counsel have filed numerous documents such as articles of incorporation, restric-

tive covenants, and deeds; and to their memoranda they have attached all sorts of "exhibits" that one or the other party wants the court to consider in ruling on these summary judgment motions. Unfortunately, this flurry of filings has led to controversy over which documents are proper for the court's consideration.

In Virginia, summary judgment may be granted if it appears from the pleadings, admissions of the parties, and the evidence, if any, that there is no material fact genuinely in dispute. Rules 2:21 and 3:18. The purpose of summary judgment is to bring a case to an early end when it clearly appears that one of the parties is entitled to judgment as a matter of law and no evidence could affect the result.

In this case, it appears that *both* parties wish to submit this case for determination without a trial because no evidentiary hearing could affect the result. Both have filed motions for summary judgment and both have fully argued their positions within that context. At the same time, however, they have become embroiled in disputes over various documents and other factual information which were supposedly provided during discovery or submitted with memoranda.

Summary judgment does not provide a new method of trial where any issue of fact exists. In deciding whether any material fact is in dispute, the court looks to the *pleadings*, the *orders, admissions of the parties*, and the *evidence*. There is no provision in Virginia practice (unlike Federal practice) whereby the court can consider exhibits, including affidavits, attached to motions and memoranda, except by stipulation or unless they have been admitted pursuant to Rule 4:11 or produced pursuant to Rule 4:9. *See* W. H. Bryson, *Handbook on Virginia Civil Procedure* (1989), p. 258. Such unilaterally-submitted factual information is not a pleading, an order, or an admission, nor is it evidence where, as here, the other party objects to it.

For these reasons, there appear to be material facts in dispute, thereby precluding an award of summary judgment at this juncture.

## May 6, 1992

The question presented is whether Indian Acres Club has the authority to adopt and enforce a system of fines, or "monetary penalties," against property owners for infractions of the rules and regulations of Indian Acres Subdivision.

Indian Acres Club is a property owners' association. It serves Indian Acres Subdivision, a "recreational campground" of more than

6,000 lots, or "campsteads," in Spotsylvania County. Lots are owned by individual property owners. The common areas, amenities, and facilities are owned and operated by the Club. Recorded declarations of restrictions authorize the Club to enforce the restrictive covenants, to adopt rules, and to assess fines for motor vehicle violations. The Club has adopted rules and regulations, bylaws, and a set of fines for infractions. These fines are enumerated in an appendix to the rules and regulations. They include such rule violations as speeding, building violations, littering, vandalism, "opprobrious language," disorderly conduct, and trespassing. A structure of review hearing bodies has been established. The plaintiff, Skeen, instituted this action on June 21, 1990, with a three-count motion for declaratory judgment. In Count I, Skeen alleges that he is a property owner in Indian Acres Subdivision; the defendants have charged him with "numerous" violations of the rules and regulations and have attempted to impose fines; that all such charges have been resolved favorably to him, but while the charges were pending, he was deprived of the right to use his lot and the amenities; and that, in any event, the Club has no authority to impose fines against property owners. He seeks, in essence, a holding that the Club cannot impose such fines. Count II alleges a tortious conspiracy among the Club and the individual defendants, Ritter, Johnson, and Hall, to deprive Skeen of use of his property. Count III asserts a claim of malicious prosecution against the defendant Ritter.

The defendants demurred. The court heard arguments on the demurrer and entered an order dated October 26, 1990, sustaining the demurrer as to Counts II and III and overruling it as to Count I. The Club then filed an answer to Count I.

After a lengthy period of discovery, Skeen filed a motion for summary judgment. The Club filed a "cross motion" for summary judgment. Arguments were heard on October 21, 1991. The court granted counsel leave to file memoranda and took the matter under advisement.

Counsel filed memoranda. In addition, they submitted a number of other papers and objections, the last one dated March 3, 1992, from which it was clear that they disputed what matters the court should consider in ruling on the motions for summary judgment. For reasons explained in an opinion letter dated March 4, 1992, the court ruled that it would not award summary judgment because material facts were disputed.

On April 6, 1992, counsel met with the court in a pretrial conference. A "joint stipulation as to exhibits" was submitted. That document listed eighteen items in the record that the court could consider as evidence in ruling on the motions for summary judgment. The parties agreed, by counsel, that with the stipulation, no material facts are in dispute and the court may proceed to decide the case on the motions without trial as provided in Rule 3:18. The court again took the matter under advisement. This opinion sets forth the court's decision on the motions for summary judgment.

In *Unit Owners Association v. Gillman*, 223 Va. 752 (1982), the Supreme Court held that a condominium property owners' association could not impose fines on unit owners because no authority existed for such fines in the Condominium Act. The court explained that imposition of a fine is a governmental power which cannot be preempted or delegated other than in accordance with federal and state constitutions.

Whether the legislature can lawfully delegate authority to impose fines to property owners' associations is not to be decided in this case. In his memoranda, Skeen disavows any attack on the validity of the statutes that grant authority to certain associations to impose fines and penalties. Instead, he relies on his contention that none of these statutes applies to Indian Acres Subdivision.

The court agrees with Skeen's assertion that the Club has no inherent power to adopt and enforce a system of fines for infractions by property owners. *See Gillman, supra.* Thus, only if that power has been delegated by the General Assembly may the Club exercise such authority.

First, the Club argues that the General Assembly has delegated such authority to it by the non-stock corporation statutes. The Club points out that it is a non-stock corporation, not a condominium as in *Gillman*, and that Chapter 10 of Title 13.1 of the Code grants to it various rule-making powers over its membership. Without expressing an opinion on the right of a non-stock corporation generally to impose penalties for infractions by its members, or otherwise deal with its members (see, i.e., *Gottlieb v. Economy Stores*, 199 Va. 848 (1958)), the language of *Gillman* makes it clear that property owners' associations do not have authority to assess fines against property owners unless such authority is properly delegated to them by the legislature. If the Club's position were tenable, the specific

authorizations granted by the legislature to certain types of associations would be unnecessary.

Second, the club argues that it is empowered to impose fines on property owners in Indian Acres Subdivision pursuant to the provisions of the Subdivided Land Sales Act. Virginia Code §§ 55–336 et seq. The Act expressly authorizes the adoption of monetary penalties for management and control of subdivisions that come within the scope of the legislation. Virginia Code § 55–344(A)(8). Such authority is given to those subdivisions which have created an association composed of property owners "such formation occurring prior to the sale of the first lot within the subdivision by the developer." Virginia Code § 55–344(A)(1); § 55–337(5)(b); *see also, Berg v. Property Owners Ass'n of Shenandoah Farms*, 9 Va. Cir. 536 (1983). From the evidence, it is apparent that Indian Acres Subdivision cannot take advantage of the legislative grant of authority in § 55–344(A)(8) because neither it nor its predecessor property owners' association was formed prior to the sale of lots in the subdivision.

Finally, the Club relies on the grant of authority in the Property Owners' Association Act. Virginia Code § 55–508 et seq. Enacted in 1989, the Act contains a provision expressly authorizing the assessment of "charges" for violation of rules and regulations established by a property owners' association. Virginia Code § 55–513(B). Skeen contends that the Act does not apply to Indian Acres Subdivision. That contention is incorrect. The Act applies to developments such as Indian Acres Subdivision.

The Property Owners' Association Act was enacted in 1989. The schedule of fines about which Skeen complaint was adopted in 1987. Can the club rely on this legislation, which was not in existence at the time it adopted its schedule of fines and attempted to impose those fines on Skeen, to legitimize its actions?

Generally, it is presumed that legislation is intended to be applied prospectively. This well-established rule of statutory construction reflects the view that the legislature would not want its enactments to disturb or interfere with past occurrences, commitments, actions, and the like, unless it clearly manifests a different intention. Further, the rule is consistent with, if not a corollary to, another well-recognized rule: legislation which retroactively impacts upon vested rights is ordinarily deemed to be invalid. *See generally*, 17 M.J., *Statutes*, § 73.

When it enacted the Property Owners' Association Act, the General Assembly decided to apply the legislation to developments subject to a declaration of restrictive covenants recorded any time since January 1, 1959, subject to certain exclusions not pertinent here. Virginia Code § 55–508(A). Thus, at first blush, it would appear that the Act's retrospective applicability would validate the Club's preexisting schedule of fines. However, the Act further provides that it "shall not be construed to affect the validity of any provision of any declaration recorded prior to July 1, 1989 [the effective date of the Act]." Virginia Code § 55–508(A). At the time the Club adopted its schedule of fines and sought to impose such fines on Skeen, it had no authority to do so. *See Gillman, supra.* By its terms, the Act does not affect that circumstance.

Further, the statute which authorizes the board of directors of a property owners' association to adopt a system of "charges" also restricts the amounts of such charges to "fifty dollars for a single offense or ten dollars per day for any offense of a continuing nature . . . ." Virginia Code § 55–513(B). The fines approved by the Club exceed in most instances the maximum amounts permitted by the Act.

For the foregoing reasons, the court is of the opinion that the schedule of fines adopted by the club and appended to its rules and regulations as a "schedule of monetary penalties" is invalid, and the Club is without authority to enforce these assessments against the property owners.

The court is further of the opinion that the Property Owners' Association Act empowers the Club, by its terms, to promulgate rules and regulations and to create a schedule of charges for violations of such rules and regulations, so long as the amounts of the charges are within the limits provided by the statute (§ 55–513), and all other statutory conditions are met.

In his motion for declaratory judgment, Skeen asks that the court order the Club to return to the appropriate property owner any such fines unlawfully collected, with interest from the date of receipt to the date of remittance. Apparently, Skeen presumes to speak for all property owners in the subdivision against whom a fine has ever been levied. Stated differently, Skeen appears to treat this action as some form of class action brought on behalf of all the property owners. Given the nature of this action and the manner in which it

was brought, as well as the unmistakably clear law of Virginia with regard to class action suits, the relief sought by Skeen on behalf of all property owners in the subdivision is clearly unavailable.

As for Skeen himself, there is no evidence that he has paid any fines. In fact, in paragraph 12 of his pleading, he says that all of the violations for which he has been cited "have been dismissed by the appropriate review committee." In any event, for the same reasons noted by Judge Whiting in *Berg*, "amounts paid, unless paid under protest and with a threat of a subsequent suit for refund, cannot later be recovered."

Skeen also requests an assessment of costs and an award of attorney's fees. The court is cited no authority for an award of attorney's fees and declines to award any such fees in the absence of authority. Each party will bear his own costs.

The court holds that the schedule of fines adopted by the Club is invalid and cannot be enforced against the property owners of Indian Acres Subdivision. Skeen is entitled to a declaratory judgment to that effect. The court further holds that the Property Owners' Association Act, which empowers the Club to adopt a schedule of charges for violations of its rules and regulations, cannot be applied retrospectively to legitimize the schedule of fines under review in this litigation, for the reasons explained above. The prayer for relief on behalf of all property owners in the subdivision is inappropriate and will be denied. The Club will not be required to refund any fines heretofore levied against Skeen. No award of attorney's fees will be made, and each party will bear his costs herein expended.